# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[3]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| FTX TRADING LTD., ISLAND BAY VENTURES INC., and CLIFTON BAY INVESTMENTS LLC f/k/a ALAMEDA RESEARCH VENTURES LLC,<br><br>                      Plaintiffs,<br>          -against-<br><br>SKYBRIDGE CAPITAL II, LLC, SKYBRIDGE GP HOLDINGS LLC, DIGITAL MACRO FUND LP f/k/a SKYBRIDGE COIN FUND LP, SALT VENTURE GROUP LLC, ANTHONY SCARAMUCCI, and BRETT MESSING,<br><br>                      Defendants. | Adv. Pro. No. 24-50209 (JTD) |

---

[3] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

### **CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

1. This Case Management Plan and Scheduling Order, by and among the above-captioned Plaintiffs and the Defendants (defined below, and with Plaintiffs, collectively "Parties" and each a "Party") shall apply in the above-captioned adversary proceeding.

   a. The term "Complaint" as used herein shall mean the complaint filed in the above-captioned adversary proceeding on November 8, 2024.

   b. The term "Defendants" as used herein shall mean the defendants in the above-captioned adversary proceeding.

2. **Response to Complaint.** Defendants shall have until January 24, 2025 to answer, move against, or otherwise respond to the Complaint. If Defendants elect to file a motion to dismiss, the schedule for the briefing shall be as follows:

   a. Moving briefs due January 24, 2025;

   b. Oppositions to any motion to dismiss shall be due March 25, 2025; and

   c. Replies due April 24, 2025.

3. The following discovery and pretrial schedule shall apply absent further agreement of the Parties or order of the Court.

   a. **Initial Disclosures.** Each Party shall serve its initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Rule") as incorporated in this action by Rule 7026 of the Federal Rules of Bankruptcy Procedure no later than January 27, 2025.

   b. **Fact Discovery.**

      i. The Parties may serve document requests pursuant to Rule 34 (BR 7034), interrogatories pursuant to Rule 33 (BR 7033), requests for admissions pursuant to Rule 36 (BR 7036) and other requests for written discovery beginning on or after January 27, 2025.

      ii. The Parties may serve on non-parties subpoenas pursuant to Rule 45 (BR 9016) beginning on or January 27, 2025.

      iii. The Parties shall substantially complete their production of documents in response to document requests served on or before April 30, 2025, by July 2, 2025 (with substantial rolling productions beginning no later than March 14, 2025 in response to requests served on or before February 3, 2025).

      iv. The Parties shall provide logs of documents withheld or redacted on privilege grounds by July 23, 2025.

      v.      Deposition notices shall be served no less than 14 days prior to the deposition date. Plaintiffs and Defendants shall each be entitled to take a total of 10 depositions of fact witnesses.

      vi.      Fact discovery, including depositions, shall be completed by August 29, 2025.

c. **Expert Discovery.**

      i.      Plaintiffs' initial expert reports, if any, shall be served by August 29, 2025.

      ii.      Defendants' expert reports—including rebuttal reports in response to Plaintiffs' initial expert reports and expert reports on a subject not addressed in Plaintiffs' initial expert reports—if any, shall be served by October 31, 2025.

      iii.      In the event that Defendants serve expert reports addressing a subject not addressed in Plaintiffs' initial expert reports, if any, Plaintiffs may serve rebuttal expert reports in response thereto by December 23, 2025.

      iv.      All expert reports must satisfy the requirements of Rule 26 (BR 7026).

      v.      Expert depositions shall be completed by January 28, 2026.

d. **Dispositive Motions.**

      i.      Motions for summary judgment shall be due no later than February 27, 2026.

      ii.      Oppositions to motions for summary judgment, if any, shall be due April 13, 2026.

      iii.      Replies in support of summary judgment shall be due May 13, 2026.

4. **Jurisdiction.** Nothing in this Case Management Plan and Scheduling Order shall be deemed a waiver of the Defendants' rights under Local Rule 9013-1(h) or other jurisdictional objections.

5. **Modification.** The Parties may modify any provision hereof on written agreement or, absent such agreement, by seeking an order of the Court upon good cause shown.

Dated: January 7th, 2025  
Wilmington, Delaware

                **JOHN T. DORSEY**  
                **UNITED STATES BANKRUPTCY JUDGE**