# EXHIBIT F

☒ Date Stamped Copy Returned
[ ] No Self-Addressed Stamped Envelope
[ ] No Copy Provided

## United States Bankruptcy Court, District of Delaware

**Check the box to identify the Debtor against whom you assert a claim (select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☐ FTX Trading Ltd. (Case No. 22-11068) | ☐ Alameda Aus Pty Ltd (Case No. 22-11104) | ☐ Alameda Global Services Ltd. (Case No. 22-11134) | ☐ Alameda Research (Bahamas) Ltd (Case No. 22-11105) |
| ☐ Alameda Research Holdings Inc. (Case No. 22-11069) | ☐ Alameda Research KK (Case No. 22-11106) | ☐ Alameda Research LLC (Case No. 22-11066) | ☐ Alameda Research Ltd (Case No. 22-11067) |
| ☐ Alameda Research Pte Ltd (Case No. 22-11107) | ☐ Alameda Research Yankari Ltd (Case No. 22-11108) | ☐ Alameda TR Ltd (Case No. 22-11078) | ☐ Alameda TR Systems S. de R. L. (Case No. 22-11109) |
| ☐ Allston Way Ltd (Case No. 22-11079) | ☐ Analisya Pte Ltd (Case No. 22-11080) | ☐ Atlantis Technology Ltd. (Case No. 22-11081) | ☐ Bancroft Way Ltd (Case No. 22-11082) |
| ☐ Blockfolio, Inc. (Case No. 22-11110) | ☐ Blue Ridge Ltd (Case No. 22-11083) | ☐ Cardinal Ventures Ltd (Case No. 22-11084) | ☐ Cedar Bay Ltd (Case No. 22-11085) |
| ☐ Cedar Grove Technology Services, Ltd. (Case No. 22-11162) | ☐ Clifton Bay Investments LLC (Case No. 22-11070) | ☐ Clifton Bay Investments Ltd (Case No. 22-11111) | ☐ Cottonwood Grove Ltd (Case No. 22-11112) |
| ☐ Cottonwood Technologies Ltd (Case No. 22-11136) | ☐ Crypto Bahamas LLC (Case No. 22-11113) | ☐ DAAG Trading, DMCC (Case No. 22-11163) | ☐ Deck Technologies Holdings LLC (Case No. 22-11138) |
| ☐ Deck Technologies Inc. (Case No. 22-11139) | ☐ Deep Creek Ltd (Case No. 22-11114) | ☐ Digital Custody Inc. (Case No. 22-11115) | ☐ Euclid Way Ltd (Case No. 22-11141) |
| ☐ FTX (Gibraltar) Ltd (Case No. 22-11116) | ☐ FTX Canada Inc (Case No. 22-11117) | ☐ FTX Certificates GmbH (Case No. 22-11164) | ☐ FTX Crypto Services Ltd. (Case No. 22-11165) |
| ☐ FTX Digital Assets LLC (Case No. 22-11143) | ☐ FTX Digital Holdings (Singapore) Pte Ltd (Case No. 22-11118) | ☐ FTX EMEA Ltd. (Case No. 22-11145) | ☐ FTX Equity Record Holdings Ltd (Case No. 22-11099) |
| ☐ FTX EU Ltd. (Case No. 22-11166) | ☐ FTX Europe AG (Case No. 22-11075) | ☐ FTX Exchange FZE (Case No. 22-11100) | ☐ FTX Hong Kong Ltd (Case No. 22-11101) |
| ☐ FTX Japan Holdings K.K. (Case No. 22-11074) | ☐ FTX Japan K.K. (Case No. 22-11102) | ☐ FTX Japan Services KK (Case No. 22-11103) | ☐ FTX Lend Inc. (Case No. 22-11167) |
| ☐ FTX Marketplace, Inc. (Case No. 22-11168) | ☐ FTX Products (Singapore) Pte Ltd (Case No. 22-11119) | ☐ FTX Property Holdings Ltd (Case No. 22-11076) | ☐ FTX Services Solutions Ltd. (Case No. 22-11120) |
| ☐ FTX Structured Products AG (Case No. 22-11122) | ☐ FTX Switzerland GmbH (Case No. 22-11169) | ☐ FTX Trading GmbH (Case No. 22-11123) | ☐ FTX US Services, Inc. (Case No. 22-11171) |
| ☐ FTX US Trading, Inc. (Case No. 22-11149) | ☐ FTX Ventures Ltd. (Case No. 22-11172) | ☐ FTX Zuma Ltd (Case No. 22-11124) | ☐ GG Trading Terminal Ltd (Case No. 22-11173) |
| ☐ Global Compass Dynamics Ltd. (Case No. 22-11125) | ☐ Good Luck Games, LLC (Case No. 22-11174) | ☐ Goodman Investments Ltd. (Case No. 22-11126) | ☐ Hannam Group Inc (Case No. 22-11175) |
| ☐ Hawaii Digital Assets Inc. (Case No. 22-11127) | ☐ Hilltop Technology Services LLC (Case No. 22-11176) | ☐ Hive Empire Trading Pty Ltd (Case No. 22-11150) | ☐ Innovatia Ltd (Case No. 22-11128) |
| ☐ Island Bay Ventures Inc (Case No. 22-11129) | ☐ Killarney Lake Investments Ltd (Case No. 22-11131) | ☐ Ledger Holdings Inc. (Case No. 22-11073) | ☐ LedgerPrime Bitcoin Yield Enhancement Fund, LLC (Case No. 22-11177) |
| ☐ LedgerPrime Bitcoin Yield Enhancement Master Fund, LP (Case No. 22-11155) | ☐ LedgerPrime Digital Asset Opportunities Fund, LLC (Case No. 22-11156) | ☐ LedgerPrime Digital Asset Opportunities Master Fund LP (Case No. 22-11157) | ☐ LedgerPrime LLC (Case No. 22-11158) |
| ☐ LedgerPrime Ventures, LP (Case No. 22-11159) | ☐ Liquid Financial USA Inc. (Case No. 22-11151) | ☐ Liquid Securities Singapore Pte Ltd (Case No. 22-11086) | ☐ LiquidEX LLC (Case No. 22-11152) |
| ☐ LT Baskets Ltd. (Case No. 22-11077) | ☐ Maclaurin Investments Ltd. (Case No. 22-11087) | ☐ Mangrove Cay Ltd (Case No. 22-11088) | ☒ North Dimension Inc (Case No. 22-11153) |
| ☐ North Dimension Ltd (Case No. 22-11160) | ☐ North Wireless Dimension Inc. (Case No. 22-11154) | ☐ Paper Bird Inc (Case No. 22-11089) | ☐ Pioneer Street Inc. (Case No. 22-11090) |
| ☐ Quoine India Pte Ltd (Case No. 22-11091) | ☐ Quoine Pte Ltd (Case No. 22-11161) | ☐ Quoine Vietnam Co. Ltd (Case No. 22-11092) | ☐ Strategy Ark Collective Ltd. (Case No. 22-11094) |
| ☐ Technology Services Bahamas Limited (Case No. 22-11095) | ☐ Verdant Canyon Capital LLC (Case No. 22-11096) | ☐ West Innovative Barista Ltd. (Case No. 22-11097) | ☐ West Realm Shires Financial Services Inc. (Case No. 22-11072) |
| ☐ West Realm Shires Inc. (Case No. 22-11183) | ☐ West Realm Shires Services Inc. (Case No. 22-11071) | ☐ Western Concord Enterprises Ltd. (Case No. 22-11098) | ☐ Zubr Exchange Ltd (Case No. 22-11132) |



221106880002895

RECEIVED

JUN 2 9 2023

KROLL RESTRUCTURING ADMINISTRATION

Claim Number: 4697

Proof of Claim

page 1

Modified Form 410
# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.

Fill in all the information about the claim as of November 14, 2022 for Debtor West Realm Shires Inc. and as of November 11, 2022 for all other Debtors.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
SkyBridge Capital II, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

Email(s) the creditor used with the debtor   BMESSING@SKYBRIDGE.COM; ASCARAMUCCI@SKYBRIDGE.COM

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Michael H. Torkin
Bryce L. Friedman
Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Contact phone (212) 455-3752
Contact email michael.torkin@stblaw.com

Where should payments to the creditor be sent? (if different)

Attn: Marie Noble, General Counsel & Chief Compliance Officer
SkyBridge Capital
527 Madison Avenue, 4th Floor
New York, NY 10022

Contact phone 212-485-3129
Contact email MNoble@skybridge.com

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/_____ MM/DD/YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

If filing a claim for cryptocurrency, please fill in 7b.

**7a. How much is the claim?** $ Unliquidated

**Does this amount include interest or other charges?**
☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

If asserted liability is in a currency other than U.S. dollars or cryptocurrency, provide (i) the currency type _____; (ii) the amount in such currency _____; and (iii) a conversion rate to U.S. dollars _____.

**7b.** List the number of each type and quantity of each coin owed as of the date the case was filed (November 11, 2022)

| Coin List | Count | Coin List | Count |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Modified Form 410                                                                 Proof of Claim                                                                 page 2

| 3. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>See Addendum.<br>_____ |

| 9. Is all or part of the claim secured? | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br><br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**            $_____<br><br>**Amount of the claim that is secured:**    $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**  $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |

| 10. Is this claim based on a lease? | ☒ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____ |

| 11. Is this claim subject to a right of setoff? | ☒ No<br><br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes. *Check one:*                                                                 **Amount entitled to priority**<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).        $_____<br><br>☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).     $_____<br><br>☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).     $_____<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).     $_____<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(  ) that applies.     $_____ |

| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☒ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. If claim is for both goods and services, provide your total claim amount (goods & services) in section 7a. and the value of the goods here. Attach documentation supporting such claim. See the instructions below on what further information is required.**     $_____ |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06/27/2023
                  MM / DD / YYYY

_/s/ Brett S. Messing_
Signature

Print the name of the person who is completing and signing this claim:

Name: **Brett S. Messing**
       First name    Middle name    Last name

Title: Partner, President & Co-Chief Investment Officer

Company: SkyBridge Capital
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 527 Madison Avenue, 4th Floor
         Number    Street
         New York                NY        10022
         City                    State     ZIP Code

Contact phone: (212) 485-3117          Email: BMessing@skybridge.com

Modified Form 410                    Proof of Claim                    page 4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) |  |
| FTX TRADING LTD., *et al.*, ) | Case No. 22-11068 (JTD) |
| ) |  |
| Debtors. ) | (Jointly Administered) |
| ) |  |

## ADDENDUM TO PROOFS OF CLAIM FILED BY SKYBRIDGE CAPITAL II, LLC AND SKYBRIDGE GP HOLDINGS, LLC

SkyBridge Capital II, LLC ("**SkyBridge II**") and SkyBridge GP Holdings, LLC ("**SkyBridge GP**"; together with SkyBridge II, the "**SkyBridge Parties**") hereby submit this addendum to the proof of claim forms (each, together with this addendum, a "**Proof of Claim**") it is filing against the debtors (collectively, "**FTX**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Bankruptcy Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

By the Proofs of Claim, the SkyBridge Parties hereby assert a prepetition unliquidated claim (the "**SkyBridge Claim**") in an amount not less than $45,000,000 against Island Bay Ventures, Inc. ("**Island Bay**"), Alameda TR Systems S.de R. L. ("**Alameda TR Systems**") and each of their affiliated Debtors, jointly and severally, on account of damages suffered by each SkyBridge Party as a result of the misconduct of the Debtors and their affiliates, directors, officers, employees, advisors, agents and other representatives (collectively, the "**Debtor Representatives**") in connection with the acquisition by Island Bay of membership interests in the SkyBridge Parties and the related acquisition by SkyBridge II of certain cryptocurrencies from Alameda TR Systems, including causes of action for fraudulent misrepresentation, fraudulent

concealment, fraudulent inducement, negligent misrepresentation, breach of contract, unjust enrichment, breach of the duty of good faith and fair dealing, and conspiracy to commit all of the foregoing.[1] The SkyBridge Parties further assert as follows:

## Background

1.  Like so many others, the SkyBridge Parties fell victim to the "veneer of legitimacy Mr. Bankman-Fried created [at FTX] by, among other things, touting its best-in-class controls, including a proprietary 'risk engine,' and FTX's adherence to specific investor-protection principles and detailed terms of service."[2] As Christy Goldsmith Romero, Commissioner of the Commodities Futures Trading Commission, described: FTX's "multi-dimensional public relations campaign was meant to build the public's trust in FTX. There were rumored efforts to influence charities and policy advocacy groups. There were efforts relating to FTX's extensive legal and political spending; and even an alleged investment in a crypto news site. All of this appears to be part of a branding campaign designed to make FTX appear trustworthy."[3] In entering into a partnership with FTX, the SkyBridge Parties were induced to believe their partner was the safest and easiest way to buy and sell crypto which sophisticated investors invested hundreds of millions of dollars into. Instead, the SkyBridge Parties partnered with "a house of cards" built "on a foundation of deception".[4]

---

[1] We note that the *Second Interim Report of John J. Ray III to the Independent Directors: The Commingling and Misuse of Customer Deposits at FTX.com* [Docket No. 1704-1] (Bankr. D. Del. June 26, 2023) further demonstrates the active conspiracy among the Debtors to commit fraud and otherwise intentionally deceive customers and counterparties alike, necessitating the SkyBridge Parties' assertion of claims against each Debtor.

[2] Press Release, U.S. Securities and Exchange Commission, SEC Charges Samuel Bankman-Fried with Defrauding Investors in Crypto Asset Trading Platform FTX (Dec. 13, 2022).

[3] Christy Goldsmith Romero, Crypto's Crisis of Trust: Lessons Learned from FTX's Collapse at The Wharton School and the University of Pennsylvania Carey Law School, (Jan. 18, 2023).

[4] Press Release, U.S. Securities and Exchange Commission, SEC Charges Samuel Bankman-Fried with Defrauding Investors in Crypto Asset Trading Platform FTX (Dec. 13, 2022).

2.      The SkyBridge Parties and Island Bay are party to that certain Subscription Agreement, dated as of September 7, 2022, by and between SkyBridge II, SkyBridge GP, and Island Bay (as amended, restated, or otherwise modified from time to time, the "**Subscription Agreement**").[5] Pursuant to the terms of the Subscription Agreement, Island Bay subscribed for and acquired a 30% membership interest in each of SkyBridge II and SkyBridge GP for the investment amounts of $44,999,000 and $1,000 (collectively, the "**Purchase Price**"), respectively. In entering into the Subscription Agreement, Island Bay represented and warranted to the SkyBridge Parties that, among other things, Island Bay's "financial situation is such that [Island Bay] can afford to bear the economic risk of holding the [membership interests in the SkyBridge Parties] for an indefinite period of time, has adequate means for providing for [Island Bay's] current needs and contingencies, and can afford to suffer a complete loss of [Island Bay's] investment in the SkyBridge [Parties]" and "all information which [Island Bay] has provided to the SkyBridge Parties and the SkyBridge Parties' respective [a]ffiliates and/or representatives concerning [Island Bay] and [Island Bay's] financial position is complete and correct in all material respects as of the date" of the Subscription Agreement. Subscription Agreement, Section 3.1(d) and (j). Island Bay, Alameda TR Systems and certain of the Debtor Representatives also represented to the SkyBridge Parties that FTX was honest, law-abiding, and of good business and moral character such that FTX would be a good partner for the SkyBridge Parties.

3.      In connection with Island Bay's acquisition of 30% of the membership interests in each of the SkyBridge Parties, (i) Island Bay and the other members of SkyBridge II entered into that certain Fifth Amended and Restated Limited Liability Company Agreement of SkyBridge

---

[5] Given SkyBridge has previously provided the Debtors with copies of the documentation supporting its herein described claims, the Debtors have consented via email to SkyBridge's request to not attach additional supporting documentation, provided that it would not prejudice the Debtors' ability to request copies of such supporting documentation or additional documentation related to such claims.

Capital II, LLC, dated as of September 7, 2022 (as amended, restated, or otherwise modified from time to time, the "**SkyBridge II LLCA**"), and (ii) Island Bay and the other members of SkyBridge GP entered into that certain Third Amended and Restated Limited Liability Company Agreement of SkyBridge GP Holdings, LLC, dated as of September 7, 2022 (as amended, restated, or otherwise modified from time to time, the "**SkyBridge GP LLCA**"; with the SkyBridge II LLCA, the "**SkyBridge LLCAs**"). The SkyBridge LLCAs generally set forth provisions for the governance and management of the SkyBridge Parties, including the responsibilities of the board of managers and officers, capital contributions, transfer restrictions, and duration of the SkyBridge Parties among others.

4. Pursuant to Section 3.11 of the SkyBridge II LLCA, SkyBridge II was required to apply the proceeds of the Purchase Price as follows: (i) $40,000,000 to purchase Bitcoin ("**BTC**"), Solana ("**SOL**"), FTX ("**FTT**"), and Serum ("**SRM**") tokens (collectively, the "**Purchased Cryptocurrency**") and (ii) the remainder of the Purchase Price for general working capital purposes. At the direction of Island Bay, on September 8, 2022, SkyBridge II purchased (a) $10 million of each of FTT and SRM from Alameda TR Systems, a Debtor in the Bankruptcy Cases and an affiliate of Island Bay, (ii) $10 million of SOL from Solana Foundation and (iii) $10 million of BTC through CoinBase.

5. The Debtors and the Debtor Representatives, including Mr. Bankman-Fried, Island Bay and Alameda TR Systems, knew or should have known that, on the date of the Subscription Agreement and the SkyBridge LLCAs, there was rampant fraud and mismanagement at FTX and the other Debtors that has since been publicly disclosed in connection with these Bankruptcy Cases and the numerous pending federal, state, local, and foreign investigations into Mr. Bankman-Fried and the Debtors.

6.      The Debtors and the Debtor Representatives, including Mr. Bankman-Fried, Island Bay and Alameda TR Systems, also knew or should have known that, on the date of entry into the Subscription Agreement and the SkyBridge LLCAs, Island Bay and Alameda TR Systems were not operated as distinct entities, separate from the rest of the FTX enterprise. Rather, as the Debtors' Chief Restructuring Officer described, the Debtor's collapse stemmed "from the absolute concentration of control in the hands of a very small group of grossly inexperienced and unsophisticated individuals."[6] In his testimony to the House Financial Services Committee, the Debtors' Chief Restructuring Officer addressed questions as to why the entire FTX enterprise was included in the chapter 11 filing. *Id.* He testified that chapter 11 protection was needed for all of the FTX entities because at least certain entities were not operated independently of others and there were many relationships between the Debtors. *Id.*

7.      Further, the Debtors and the Debtor Representatives, including Mr. Bankman-Fried, Island Bay and Alameda TR Systems, knew or should have known that, in the words of the Chief Restructuring Officer of FTX, there was "a complete failure of corporate controls and . . . a complete absence of trustworthy financial information" at the Debtors. *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 24] ¶ 5. As a case in point, the Chief Restructuring Officer of FTX did not have confidence in financial statements that were produced while the Debtors were controlled by Mr. Bankman-Fried, and could not locate financial statements for Island Bay. *Id.* ¶¶ 23, 28, 29.

8.      The Chief Restructuring Officer filed two detailed reports on control failures and mismanagement at FTX and the Debtors, describing the profound management failures of Mr.

---

[6] Testimony of Mr. John J. Ray III CEO, FTX Debtors, House Financial Services Committee (Dec. 13, 2022).

Bankman-Fried and others.[7] To wit, within weeks of the bankruptcy, Mr. Bankman-Fried was charged with perpetrating a multibillion-dollar fraud through FTX and the other Debtors with at least three senior insiders, who have pleaded guilty in connection with the scheme.

9.  Likewise, the Debtors and the Debtor Representatives, including Mr. Bankman-Fried, Island Bay and Alameda TR Systems, knew, or should have known, that the FTT and SRM tokens it sold to the SkyBridge Parties were effectively worthless. As part of the negotiations for Island Bay's purchase of a membership interest in the SkyBridge Parties, Mr. Bankman-Fried and Island Bay required SkyBridge II to invest $20 million of the Purchase Price in cryptocurrencies managed by the Debtors that they knew or should have known were worthless. The extent of the fraud that Mr. Bankman-Fried perpetrated on many parties has been well-pled in countless civil and criminal complaints.

10. Due to the collapse of the Debtors, volatility in the cryptocurrency market, and developments surrounding these Bankruptcy Cases, in December 2022, SkyBridge II liquidated its SRM and FTT holdings for aggregate proceeds of approximately $3 million.

11. The SkyBridge Parties' association with the Debtors and the Debtor Representatives, including FTX, Island Bay, and Mr. Bankman-Fried has damaged their reputations and operations materially and affected their enterprise value. The SkyBridge Parties suffered substantial financial damage as a result of these Bankruptcy Cases including a realized balance sheet loss associated with the liquidation of that portion of the Purchased Cryptocurrency consisting of SRM and FTT tokens and an unrealized loss on certain other Purchased Cryptocurrency.

---

[7] *First Interim Report of John J. Ray III to the Independent Directors on Control Failures at the FTX Exchanges* [Docket No. 1242-1] (Bankr. D. Del. Apr. 9, 2023); *Second Interim Report of John J. Ray III to the Independent Directors: The Commingling and Misuse of Customer Deposits at FTX.com* [Docket No. 1704-1] (Bankr. D. Del. June 26, 2023).

12. The SkyBridge Parties also face substantial known and unknown liabilities including professional fee expenses associated with regulatory investigations from the Department of Justice, the Securities and Exchange Commission, the California Department of Financial Protection and Innovation and associated with these Bankruptcy Cases. To appropriately respond to the regulatory investigations, the SkyBridge Parties were compelled to engage a third party technology vendor and provide testimony to the regulators. The SkyBridge Parties' association with Island Bay and the Debtors has resulted in substantial business and reputational harm.

13. The SkyBridge Parties have suffered an unliquidated amount of damages in an amount not less than $45,000,000 as a direct result of Mr. Bankman-Fried's and the Debtors' fraud and conspiracy that resulted in their investment in the SkyBridge Parties.

<u>Claims</u>

*Fraudulent Misrepresentation and Concealment*

14. The SkyBridge Parties hereby assert common law fraudulent misrepresentation and concealment claims against Island Bay and Alameda TR Systems. Island Bay, Alameda TR Systems and the Debtors, through the Debtor Representatives, including Mr. Bankman-Fried, were part of a multi-billion dollar fraud that has generated guilty pleas and a litany of civil and criminal complaints. Island Bay and Alameda TR Systems made false statements regarding their financial positions to the SkyBridge Parties and concealed their true tenuous financial states. Specifically, in connection with Island Bay's entry into the Subscription Agreement and the SkyBridge LLCAs, Island Bay falsely represented its financial viability and the overall financial position of the now-defunct FTX and its Debtor affiliates. In addition, Island Bay and Alameda TR Systems misrepresented to the SkyBridge Parties that FTX was honest, law-abiding, and of good business and moral character such that FTX would be a good partner for the SkyBridge Parties.

15. Island Bay and Alameda TR Systems made such material misrepresentations with

full knowledge of their falsity. Evidence continues to emerge, including from the reports of FTX's Chief Restructuring Officer, that Mr. Bankman-Fried and other high-ranking officers knew about the mismanagement, lack of audited financial statements, and lack of corporate controls that led to the spectacular downfall of Island Bay, Alameda TR Systems and the other Debtors.

16. These material misrepresentations were made to induce the SkyBridge Parties to enter into the Subscription Agreement and the SkyBridge LLCAs and to become associated with the Debtors and FTX more generally. The SkyBridge Parties reasonably relied on such representations, as Mr. Bankman-Fried and FTX generally had a reputation of trustworthiness at the time and in the Subscription Agreement, Island Bay represented that it had provided complete and correct information related to its financial position. Subscription Agreement § 3.01(j).

*Fraudulent Inducement*

17. As described above, Mr. Bankman-Fried, on behalf of the Debtors, knowingly made material misrepresentations and concealed facts about the Debtors' financial situation and moral character to induce the SkyBridge Parties to partner with the Debtors and to enter into the Subscription Agreement and the SkyBridge LLCAs. The SkyBridge Parties reasonably relied on such misrepresentations in entering into the Subscription Agreement and the SkyBridge LLCAs.

*Negligent Representation / Equitable Fraud*

18. As described above, Island Bay and Alameda TR Systems made material misrepresentations and concealed facts about their financial situation and moral character to induce the SkyBridge Parties to enter into the Subscription Agreement and the SkyBridge LLCAs. The SkyBridge Parties reasonably relied on such misrepresentations in entering into the Subscription Agreement and the SkyBridge LLCAs. The SkyBridge Parties had privity of contract with Island Bay, and Island Bay, as a holder of significant membership interests in each of the SkyBridge Parties—which are closely held LLCs—had a special relationship with them.

*Breach of Contract*

19. The SkyBridge Parties and Island Bay are parties to the Subscription Agreement and the SkyBridge LLCAs. In Section 3.01(j) of the Subscription Agreement, Island Bay represented to the SkyBridge Parties that "all information which [Island Bay] has provided to the SkyBridge Parties and the SkyBridge Parties' respective Affiliates and/or representatives concerning [Island Bay] and [Island Bay's] financial position is complete and correct in all material respects as of the date of this Agreement." In addition, in connection with Island Bay's entry into the Subscription Agreement and the SkyBridge LLCAs, Island Bay and Alameda TR Systems falsely represented their financial viability and the overall financial position of the now-defunct FTX and its Debtor affiliates, and did not provide complete and correct information—including that there were no financial statements for Island Bay. Therefore, Island Bay breached the Subscription Agreement.

*Unjust Enrichment*

20. By entering into the Subscription Agreement and the SkyBridge LLCAs, Island Bay and the other Debtors received the benefit of membership interests in closely held LLCs, the SkyBridge Parties. Additionally, Alameda TR Systems and the other Debtors received the benefit of selling cryptocurrencies they knew were worthless to the SkyBridge Parties at a price they knew was inflated.

21. Given that Mr. Bankman-Fried and other high-ranking officers of Island Bay and the Debtors knew about the mismanagement, lack of audited financial statements, and lack of corporate controls that led to the spectacular downfall of Island Bay and the other FTX affiliates, it would be unjust for Island Bay and Alameda TR Systems to retain the benefits that they received in connection with the Subscription Agreement and the SkyBridge LLCAs.

*Breach of Duty of Good Faith and Fair Dealing*

22. The SkyBridge Parties and Island Bay are parties to the Subscription Agreement and the SkyBridge LLCAs. Pursuant to Section 3.11 of the SkyBridge II LLCA, as part of the negotiations for Island Bay's purchase of membership interests in the SkyBridge Parties, Mr. Bankman-Fried and Island Bay required SkyBridge II to apply $40,000,000 of the proceeds of Island Bay's investment to purchase certain cryptocurrencies. Island Bay and Mr. Bankman-Fried directed SkyBridge II to purchase cryptocurrencies from their Debtor affiliate that they knew were soon to be worthless.

23. As a result of Island Bay and Mr. Bankman-Fried's requirement to invest in worthless cryptocurrencies, the SkyBridge Parties incurred realized balance sheet losses on their sales of FTT and SRM tokens and unrealized losses on certain other Purchased Cryptocurrency. The SkyBridge Parties were deprived of the benefit of their bargain as a result of the fraudulent and unreasonable conduct of Island Bay and Mr. Bankman-Fried.

*Civil Conspiracy*

24. In connection with the claims for fraudulent misrepresentation, fraudulent concealment, fraudulent inducement and negligent misrepresentation described above, the SkyBridge Parties assert that Island Bay, Alameda TR Systems and the Debtors engaged in a civil conspiracy to perpetrate the fraudulent actions. Upon information and belief, the Debtors had an agreement to perpetrate the fraudulent actions outlined above, and took one or more overt acts in furtherance of such agreement and to intentionally further the perpetration of fraud in connection with entry into the Subscription Agreement and the SkyBridge LLCAs.

25. As a result of entry into the Subscription Agreement (including the requirement to buy worthless cryptocurrencies managed by the Debtors from Debtor Alameda TR Systems) and the SkyBridge LLCAs and their association with the Debtors and FTX more generally, the

SkyBridge Parties have suffered unliquidated damages in an amount not less than $45,000,000, including losses on the sales of FTT and SRM tokens.

### General Reservation of Rights

26. Each of the SkyBridge Parties reserves the right to amend, update, modify and/or supplement this Proof of Claim in all respects at any time, including to (x) modify the amount of the SkyBridge Claim and/or (y) assert any additional claims of whatever kind or nature that it has or may have against any Debtor, including any amounts or claims for (a) attorneys' fees incurred both before and after the date on which the Debtors filed bankruptcy petitions under chapter 11 of the Bankruptcy Code (the "**Petition Date**"), (b) premiums, costs, expenses, fees and other charges incurred both before and after the Petition Date, (c) interest and penalties accrued both before and after the Petition Date, (d) claims for punitive damages that are not compensation for actual pecuniary losses suffered to the extent permitted by applicable law, (e) damages arising from the rejection of prepetition contracts, and (f) all other claims or rights to payment, at law or in equity, including that may arise in respect of the Subscription Agreement, the SkyBridge LLCAs, and related transactions.

27. The filing of a Proof of Claim by each of the SkyBridge Parties is not intended to be and shall not be construed as (a) a termination of the Subscription Agreement or the SkyBridge LLCAs, (b) a statement of all claims or facts supporting the SkyBridge Claim, (c) an election of remedies, (d) a waiver of any past, present or future defaults or events of default, (e) a waiver or limitation of any rights, powers, remedies, claims, or causes of action of the SkyBridge Parties or any of their affiliates under the Subscription Agreements, the SkyBridge LLCAs, or otherwise, (f) a waiver of any allowed claim previously granted to the SkyBridge Parties or any of their affiliates or scheduled by any Debtor, (g) a statement of other claims against Island Bay, Alameda TR

Systems or any other Debtor held by the SkyBridge Parties or their affiliates, or facts supporting such claims, or (h) a statement of claims against any other Debtor held by the SkyBridge Parties or their affiliates, or facts supporting such claims. The absence of any claim in this Proof of Claim shall not be construed as a waiver of such claim.

28. Each of the SkyBridge Parties does not waive any right to amounts due for any claim by not stating a specific amount due for any such claim at this time or the specific Debtor against which such claim is being asserted, and each of the SkyBridge Parties reserves the right to amend or supplement this Proof of Claim, if the SkyBridge Parties should deem it necessary or appropriate, to assert and state an amount for any such claim, including any amounts asserted by the SkyBridge Parties as a prepetition claim(s) against the Debtors that are subsequently determined by the Bankruptcy Court to be administrative expense claims, and *vice versa*.

29. To the knowledge of each of the SkyBridge Parties as of the date hereof, the claims asserted in this Proof of Claim are not subject to subordination under any provisions of the Bankruptcy Code or otherwise applicable law.

30. Each of the SkyBridge Parties reserves all rights and remedies, including its rights against all creditors, directors and officers of any Debtor, and any and all other persons and entities, including any non-Debtor affiliates, and nothing herein shall prejudice or be deemed to impair or alter in any way any SkyBridge Party's rights or remedies against any persons and entities.

31. Each of the SkyBridge Parties files this Proof of Claim without prejudice to and in addition to any other claims of any SkyBridge Party or any of its affiliates that have been listed in any of the schedules of Island Bay, Alameda TR Systems or any other Debtors, or that may become listed in any such schedules.

32. Each of the SkyBridge Parties reserves its right to pursue claims (including the

claims asserted in this Proof of Claim or other claims related thereto) against the Debtors based upon additional or alternative legal theories and reserves the right to file additional or other pleadings to assert any of the amounts set forth in this Proof of Claim, including to assert any post-petition administrative expenses pursuant to the Bankruptcy Code, including sections 503 and 507 thereof, and to assert claims against directors and officers of the Debtor and other non-Debtor entities outside of the Bankruptcy Court.

33. By filing this Proof of Claim, each of the SkyBridge Parties does not waive, and specifically reserves, its procedural and substantive defenses to any claim that may be asserted against it by any Debtor, by any trustee of their respective estates, by any official committee in these Bankruptcy Cases, or by any other party.

34. For the avoidance of doubt, the filing of this Proof of Claim shall not be deemed or construed as: (a) a consent by any SkyBridge Party to the jurisdiction of the Bankruptcy Court or any other court (including, without limitation, the Supreme Court of The Bahamas) with respect to proceedings, if any, commenced in any case against or otherwise involving any SkyBridge Party or any of its affiliates; (b) a waiver or release of any SkyBridge Party's right to trial by jury in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein, whether or not designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (c) a consent by any SkyBridge Party to a jury trial in a Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. §.157(e) or otherwise; (d) a waiver or release of any SkyBridge Party's right to have any and all final orders in any and all non-core matters or

proceedings entered only after de novo review by a United States District Court Judge; (e) a waiver of the right to move to withdraw the reference with respect to any subject matter of this Proof of Claim, any objection thereto or other proceeding that may be commenced in these Bankruptcy Cases against or otherwise involving any SkyBridge Party; (f) a waiver of any administrative expense claims that any SkyBridge Party or any of its affiliates may have against any Debtor; or (g) a waiver of any setoff and/or recoupment right that any SkyBridge Party or any of its affiliates has with respect to any claims or causes of action asserted against it by any Debtor or any other party.



**Restructuring Administration LLC**
**(f/k/a Prime Clerk LLC)**

## Brooklyn

### CLAIM/BALLOT HAND DELIVERY CONFIRMATION SHEET

DATE RECEIVED: 6/29/23

CASE: FTX

NO. OF CLAIMS: 204

NO. OF BALLOTS: 0

COPIES: 204 (returned)

RECEIVED BY: RR