# EXHIBIT G

[X] Date Stamped Copy Returned
[ ] No Self-Addressed Stamped Envelope
[ ] No Copy Provided

**United States Bankruptcy Court, District of Delaware**

Check the box to identify the Debtor against whom you assert a claim (select only one Debtor per claim form):

| | | | |
|---|---|---|---|
| [X] FTX Trading Ltd. (Case No. 22-11068) | [ ] Alameda Aus Pty Ltd (Case No. 22-11104) | [ ] Alameda Global Services Ltd. (Case No. 22-11134) | [ ] Alameda Research (Bahamas) Ltd (Case No. 22-11105) |
| [ ] Alameda Research Holdings Inc. (Case No. 22-11069) | [ ] Alameda Research KK (Case No. 22-11106) | [ ] Alameda Research LLC (Case No. 22-11066) | [ ] Alameda Research Ltd (Case No. 22-11067) |
| [ ] Alameda Research Pte Ltd (Case No. 22-11107) | [ ] Alameda Research Yankari Ltd (Case No. 22-11108) | [ ] Alameda TR Ltd (Case No. 22-11078) | [ ] Alameda TR Systems S. de R. L. (Case No. 22-11109) |
| [ ] Allston Way Ltd (Case No. 22-11079) | [ ] Analisya Pte Ltd (Case No. 22-11080) | [ ] Atlantis Technology Ltd. (Case No. 22-11081) | [ ] Bancroft Way Ltd (Case No. 22-11082) |
| [ ] Blockfolio, Inc. (Case No. 22-11110) | [ ] Blue Ridge Ltd (Case No. 22-11083) | [ ] Cardinal Ventures Ltd (Case No. 22-11084) | [ ] Cedar Bay Ltd (Case No. 22-11085) |
| [ ] Cedar Grove Technology Services, Ltd. (Case No. 22-11162) | [ ] Clifton Bay Investments LLC (Case No. 22-11070) | [ ] Clifton Bay Investments Ltd (Case No. 22-11111) | [ ] Cottonwood Grove Ltd (Case No. 22-11112) |
| [ ] Cottonwood Technologies Ltd (Case No. 22-11136) | [ ] Crypto Bahamas LLC (Case No. 22-11113) | [ ] DAAG Trading, DMCC (Case No. 22-11163) | [ ] Deck Technologies Holdings LLC (Case No. 22-11138) |
| [ ] Deck Technologies Inc. (Case No. 22-11139) | [ ] Deep Creek Ltd (Case No. 22-11114) | [ ] Digital Custody Inc. (Case No. 22-11115) | [ ] Euclid Way Ltd (Case No. 22-11141) |
| [ ] FTX (Gibraltar) Ltd (Case No. 22-11116) | [ ] FTX Canada Inc (Case No. 22-11117) | [ ] FTX Certificates GmbH (Case No. 22-11164) | [ ] FTX Crypto Services Ltd. (Case No. 22-11165) |
| [ ] FTX Digital Assets LLC (Case No. 22-11143) | [ ] FTX Digital Holdings (Singapore) Pte Ltd (Case No. 22-11118) | [ ] FTX EMEA Ltd. (Case No. 22-11145) | [ ] FTX Equity Record Holdings Ltd (Case No. 22-11099) |
| [ ] FTX EU Ltd. (Case No. 22-11166) | [ ] FTX Europe AG (Case No. 22-11075) | [ ] FTX Exchange FZE (Case No. 22-11100) | [ ] FTX Hong Kong Ltd (Case No. 22-11101) |
| [ ] FTX Japan Holdings K.K. (Case No. 22-11074) | [ ] FTX Japan K.K. (Case No. 22-11102) | [ ] FTX Japan Services KK (Case No. 22-11103) | [ ] FTX Lend Inc. (Case No. 22-11167) |
| [ ] FTX Marketplace, Inc. (Case No. 22-11168) | [ ] FTX Products (Singapore) Pte Ltd (Case No. 22-11119) | [ ] FTX Property Holdings Ltd (Case No. 22-11076) | [ ] FTX Services Solutions Ltd. (Case No. 22-11120) |
| [ ] FTX Structured Products AG (Case No. 22-11122) | [ ] FTX Switzerland GmbH (Case No. 22-11169) | [ ] FTX Trading GmbH (Case No. 22-11123) | [ ] FTX US Services, Inc. (Case No. 22-11171) |
| [ ] FTX US Trading, Inc. (Case No. 22-11149) | [ ] FTX Ventures Ltd. (Case No. 22-11172) | [ ] FTX Zuma Ltd (Case No. 22-11124) | [ ] GG Trading Terminal Ltd (Case No. 22-11173) |
| [ ] Global Compass Dynamics Ltd. (Case No. 22-11125) | [ ] Good Luck Games, LLC (Case No. 22-11174) | [ ] Goodman Investments Ltd. (Case No. 22-11126) | [ ] Hannam Group Inc (Case No. 22-11175) |
| [ ] Hawaii Digital Assets Inc. (Case No. 22-11127) | [ ] Hilltop Technology Services LLC (Case No. 22-11176) | [ ] Hive Empire Trading Pty Ltd (Case No. 22-11150) | [ ] Innovatia Ltd (Case No. 22-11128) |
| [ ] Island Bay Ventures Inc (Case No. 22-11129) | [ ] Killarney Lake Investments Ltd (Case No. 22-11131) | [ ] Ledger Holdings Inc. (Case No. 22-11073) | [ ] LedgerPrime Bitcoin Yield Enhancement Fund, LLC (Case No. 22-11177) |
| [ ] LedgerPrime Bitcoin Yield Enhancement Master Fund, LP (Case No. 22-11155) | [ ] LedgerPrime Digital Asset Opportunities Fund, LLC (Case No. 22-11156) | [ ] LedgerPrime Digital Asset Opportunities Master Fund LP (Case No. 22-11157) | [ ] LedgerPrime LLC (Case No. 22-11158) |
| [ ] LedgerPrime Ventures, LP (Case No. 22-11159) | [ ] Liquid Financial USA Inc. (Case No. 22-11151) | [ ] Liquid Securities Singapore Pte Ltd (Case No. 22-11086) | [ ] LiquidEX LLC (Case No. 22-11152) |
| [ ] LT Baskets Ltd. (Case No. 22-11077) | [ ] Maclaurin Investments Ltd. (Case No. 22-11087) | [ ] Mangrove Cay Ltd (Case No. 22-11088) | [ ] North Dimension Inc (Case No. 22-11153) |
| [ ] North Dimension Ltd (Case No. 22-11160) | [ ] North Wireless Dimension Inc. (Case No. 22-11154) | [ ] Paper Bird Inc (Case No. 22-11089) | [ ] Pioneer Street Inc. (Case No. 22-11090) |
| [ ] Quoine India Pte Ltd (Case No. 22-11091) | [ ] Quoine Pte Ltd (Case No. 22-11161) | [ ] Quoine Vietnam Co. Ltd (Case No. 22-11092) | [ ] Strategy Ark Collective Ltd. (Case No. 22-11094) |
| [ ] Technology Services Bahamas Limited (Case No. 22-11095) | [ ] Verdant Canyon Capital LLC (Case No. 22-11096) | [ ] West Innovative Barista Ltd. (Case No. 22-11097) | [ ] West Realm Shires Financial Services Inc. (Case No. 22-11072) |
| [ ] West Realm Shires Inc. (Case No. 22-11183) | [ ] West Realm Shires Services Inc. (Case No. 22-11071) | [ ] Western Concord Enterprises Ltd. (Case No. 22-11098) | [ ] Zubr Exchange Ltd (Case No. 22-11132) |


221106880002902

RECEIVED

JUN 29 2023

Modified Form 410                              Proof of Claim                    KROLL RESTRUCTURING ADMINISTRATION       page 1

**Claim Number: 5126**

Modified Form 410
# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.

Fill in all the information about the claim as of November 14, 2022 for Debtor West Realm Shires Inc. and as of November 11, 2022 for all other Debtors.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
SALT Venture Group, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

Email(s) the creditor used with the debtor: info@salt.org; john@salt.org; joe@salt.org; jdarsie@skybridge.com; jeletto@skybridge.com

**2. Has this claim been acquired from someone else?**
[X] No
[ ] Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Michael H. Torkin
Bryce L. Friedman
Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Contact phone: (212) 455-3752
Contact email: michael.torkin@stblaw.com

Where should payments to the creditor be sent? (if different)

Salt Venture Group, LLC
Attn: Marie Noble
527 Madison Avenue, 4th Floor
New York, NY 10022

Contact phone: 212-485-3129
Contact email: MNoble@skybridge.com

**4. Does this claim amend one already filed?**
[X] No
[ ] Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/___ MM/DD/YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
[X] No
[ ] Yes. Who made the earlier filing? _____

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
[ ] No
[X] Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 3 2 8 8

If filing a claim for cryptocurrency, please fill in 7b.

**7a. How much is the claim?** $ Unliquidated

Does this amount include interest or other charges?
[X] No
[ ] Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

If asserted liability is in a currency other than U.S. dollars or cryptocurrency, provide (i) the currency type _____; (ii) the amount in such currency _____; and (iii) a conversion rate to U.S. dollars _____.

**7b. List the number of each type and quantity of each coin owed as of the date the case was filed (November 11, 2022)**

| Coin List | Count | Coin List | Count |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| | | |
|---|---|---|
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>**See Addendum.** | |

| | |
|---|---|
| 9. Is all or part of the claim secured? | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $_____<br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) ____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. Is this claim based on a lease? | ☒ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| | |
|---|---|
| 11. Is this claim subject to a right of setoff? | ☒ No<br>☐ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $_____ |

| | | |
|---|---|---|
| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☒ No<br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. If claim is for both goods and services, provide your total claim amount (goods & services) in section 7a. and the value of the goods here. Attach documentation supporting such claim. See the instructions below on what further information is required. | $_____ |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06 / 27 / 2023
                  MM / DD / YYYY

_Signature_

Print the name of the person who is completing and signing this claim:

Name: **Brett S. Messing**
First name    Middle name    Last name

Title: **Authorized Representative**

Company: **Salt Venture Group, LLC**
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: **527 Madison Avenue, 4th Floor**
Number    Street
**New York**    **NY**    **10022**
City    State    ZIP Code

Contact phone: **(212) 485-3117**    Email: **BMessing@skybridge.com**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| FTX TRADING LTD., *et al.*, | ) Case No. 22-11068 (JTD) |
| Debtors. | ) (Jointly Administered) |

### ADDENDUM TO PROOF OF CLAIM FILED BY SALT VENTURE GROUP, LLC

SALT Venture Group, LLC ("**SALT**") hereby submits this addendum to the proof of claim form (together with this addendum, the "**Proof of Claim**") it is filing against FTX Trading Ltd. ("**FTX**") in the above-captioned chapter 11 cases (the "**Bankruptcy Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), and hereby asserts an unliquidated claim for contract rejection damages against FTX, on account of damages suffered by SALT as a result of FTX's rejection of the Sponsor Agreement (as defined below). SALT asserts as follows:

### Background and Claim

1.  SALT and FTX are party to that certain Sponsor Agreement, dated as of January 3, 2022 (the "**Sponsor Agreement**").[1]

2.  Pursuant to the terms of the Sponsor Agreement, FTX agreed to sponsor certain conferences (the "**Conferences**") hosted by SALT and, in exchange, to pay SALT a program fee (the "**Program Fee**") of $4 million annually (up to $12 million in total) for three years, from January 3, 2022 to December 31, 2024 (the "**Term**").

---

[1] The Debtors consented to SALT's request to not attach hereto supporting documentation, provided that it would not prejudice the Debtors' ability to request supporting documentation or additional documentation related to the SALT claims herein.

3. On January 26, 2023, the Court entered the *Order Authorizing the Debtors to Reject Certain Executory Contracts Effective as of the Rejection Date* [Docket No. 585] (the "**Rejection Order**"). In the Rejection Order, the Court approved the rejection of the Sponsor Agreement. *See* Rejection Order, Ex. 1, at 7 [Docket No. 585-1 at 4].

4. As a result of FTX's rejection of the Sponsor Agreement, SALT asserts a contract rejection damages claim in an unliquidated amount of not less than $8 million resulting from FTX's rejection and deemed breach of the Sponsor Agreement (the "**Rejection Claim**"). The Rejection Claim reflects, among other things, SALT's loss of Programming Fees, other fees, expenses and costs that FTX was required to fund to or for the benefit of SALT under the Sponsor Agreement.

**General Reservation of Rights**

5. SALT reserves the right to amend, update, modify and/or supplement this Proof of Claim in all respects at any time, including to (x) modify the amount of the Rejection Claim and/or (y) assert any additional claims of whatever kind or nature that it has or may have against FTX or any other debtor in the Bankruptcy Cases (each, a "**Debtor**"), including any amounts or claims for (a) attorneys' fees incurred both before and after the date on which FTX and the Debtors filed bankruptcy petitions under chapter 11 of the Bankruptcy Code (the "**Petition Date**"), (b) premiums, costs, expenses, fees and other charges incurred both before and after the Petition Date, (c) interest and penalties accrued both before and after the Petition Date, (d) claims for punitive damages that are not compensation for actual pecuniary losses suffered to the extent permitted by applicable law, (e) damages arising from the rejection of prepetition contracts, and (f) all other claims or rights to payment, at law or in equity.

6. The filing of this Proof of Claim by SALT is not intended to be and shall not be

construed as (a) a statement of all claims or facts supporting the Rejection Claim, (b) an election of remedies, (c) a waiver of any past, present or future defaults or events of default, (d) a waiver or limitation of any rights, powers, remedies, claims, or causes of action of SALT or any of its affiliates under the Sponsor Agreement or otherwise, (e) a waiver of any allowed claim previously granted to SALT or any of its affiliates or scheduled by FTX or any other Debtor, (f) a statement of other claims against FTX or any Debtor held by SALT or its affiliates, or facts supporting such claims or (g) a statement of claims against any other Debtor held by SALT or its affiliates, or facts supporting such claims. The absence of any claim in this Proof of Claim shall not be construed as a waiver of such claim.

7. SALT does not waive any right to amounts due for any claim by not stating a specific amount due for any such claim at this time, and SALT reserves the right to amend or supplement this Proof of Claim, if SALT should deem it necessary or appropriate, to assert and state an amount for any such claim, including any amounts asserted by SALT as a prepetition claim(s) against FTX or any other Debtor that is subsequently determined by the Bankruptcy Court to be administrative expense claims, and *vice versa*.

8. To SALT's knowledge as of the date hereof, the claims asserted in this Proof of Claim are not subject to subordination under any provisions of the Bankruptcy Code or otherwise applicable law.

9. SALT reserves all rights and remedies, including its rights against all Debtors, creditors, directors and officers of any Debtor, and any and all other persons and entities, including any non-Debtor affiliates, and nothing herein shall prejudice or be deemed to impair or alter in any way SALT's rights or remedies against any persons and entities.

10. SALT files this Proof of Claim without prejudice to and in addition to any other

claims of SALT or any of its affiliates that have been listed in any of the schedules of any Debtor or that may become listed in any such schedules.

11. SALT reserves its right to pursue claims (including the claims asserted in this Proof of Claim or other claims related thereto) against FTX or any other Debtor based upon additional or alternative legal theories and reserves the right to file additional or other pleadings to assert any of the amounts set forth in this Proof of Claim, including to assert any post-petition administrative expenses pursuant to the Bankruptcy Code, including sections 503 and 507 thereof, and to assert claims against directors and officers of FTX, any other Debtor, and other non-Debtor entities outside of the Bankruptcy Court.

12. By filing this Proof of Claim, SALT does not waive, and specifically reserves, its procedural and substantive defenses to any claim that may be asserted against it by any Debtor, by any trustee of their respective estates, by any official committee in these Bankruptcy Cases, or by any other party.

13. For the avoidance of doubt, the filing of this Proof of Claim shall not be deemed or construed as: (a) a consent by SALT to the jurisdiction of the Bankruptcy Court or any other court (including, without limitation, the Supreme Court of The Bahamas) with respect to proceedings, if any, commenced in any case against or otherwise involving SALT or any of its affiliates; (b) a waiver or release of SALT's right to trial by jury in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein, whether or not designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (c) a consent by SALT to a jury trial in a Bankruptcy Court or any other court in any proceeding as to any and all matters so

triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. §.157(e) or otherwise; (d) a waiver or release of SALT's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a United States District Court Judge; (e) a waiver of the right to move to withdraw the reference with respect to any subject matter of this Proof of Claim, any objection thereto or other proceeding that may be commenced in these Bankruptcy Cases against or otherwise involving SALT; (f) a waiver of any administrative expense claims that SALT or any of its affiliates may have against any Debtor; or (g) a waiver of any setoff and/or recoupment right that SALT or any of its affiliates has with respect to any claims or causes of action asserted against it by FTX or any other Debtor or party.



# Restructuring Administration LLC
## (f/k/a Prime Clerk LLC)

# Brooklyn

## CLAIM/BALLOT HAND DELIVERY CONFIRMATION SHEET

DATE RECEIVED: 6/29/23

CASE: FTX

NO. OF CLAIMS: 204

NO. OF BALLOTS: 0

COPIES: 204 (returned)

RECEIVED BY: RR